UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEROY J. HOLDMEYER, | : |
| PLAINTIFF | : CIVIL NO. 3:02CV1978 (PCD) |
| v. | : |
| ANN M. VENEMAN, SECRETARY, DEPARTMENT OF AGRICULTURE, | : |
| DEFENDANT. | : DECEMBER 15, 2003 |

DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

I.   Introduction

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Rule 56 of the Local Rules of Procedure for the District of Connecticut, and the Order of this Court, the Defendant, Ann M. Veneman, Secretary of the Department of Agriculture ("Defendant"), through her undersigned counsel, hereby respectfully submits this memorandum in support of her motion for summary judgment in the above-captioned action. Defendant seeks judgment in her favor as to all claims in the complaint. Judgment in favor of the Defendant is appropriate for the reasons set forth below

II.   Factual Background

The Defendant has submitted a Statement of Material Facts Not in Dispute in accordance with Rule 56(a)(1) of the Local Rules of Civil Procedure, as well as documentary evidence, which are wholly incorporated by reference herein.

NO ORAL ARGUMENT IS REQUESTED

III.  Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When ruling on a motion for summary judgment, the district court must construe the facts in a light most favorable to the non-movant, and must resolve all ambiguities and draw all reasonable inferences against the moving party.  See Anderson, 477 U.S. at 255; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

As this district court has noted, "[g]enuineness runs to whether disputed factual issues could reasonably be resolved in favor of either party, while materiality runs to whether the dispute concerns facts that can affect the outcome under the applicable substantive law." Peralta v. Cendant Corp., 123 F. Supp.2d. 65, 75 (D. Conn. 2000) (citing Bickerstaff v. Vassar College, 196 F.3d 435, 445 (2d Cir. 1999), cert. denied, 520 U.S. 1242 (2000) and Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). "A reasonably disputed, legally essential issue is both genuine and material and must be resolved at trial." Id.

The Second Circuit has advised district courts to exercise caution when determining whether to enter summary judgment in an employment discrimination case where employer intent is at issue.  Id. (citing Chertkova v. Connecticut General Life Insurance Co., 92 F.3d 81, 87 (2d Cir. 1996).   However, the Second Circuit has noted that the need to be cautious in this regard is "an unexceptionable principle of considerable lineage" McLee v. Chrysler Corp., 38 F.3d 67, 68 (2d Cir. 1994), aff'd, 109 F.3d 130 (2d Cir. 1997).   The Court in McLee expressly noted that summary judgment is available in such cases.  Id.

Where no evidence exists or only conclusory allegations of discrimination have been offered to suggest that an employer's motives are improper, summary judgment may be appropriate. Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985); Woroski v. Nashua Corp., 31 F.3d 105, 108 (2d Cir. 1994). A party seeking to defeat a summary judgment motion cannot rely upon "conclusory allegations or denials," but rather must set forth "concrete particulars" showing that a trial is needed. National Union Fire Ins. Co. v. Deloach, 708 F. Supp. 1371, 1379 (S.D.N.Y. 1989) (quoting R.G. Group Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984)); D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998). "Mere speculation or conjecture as to the true nature of facts [cannot] overcome the motion." Lipton v. Nature Co., 71 F.3d 464, 469 (2d Cir. 1995) (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986)). The responding party "must show the existence of a disputed material fact in light of the substantive law." Peer Int'l Corp. v. Luna Records, Inc., 887 F. Supp. 560, 564 (S.D.N.Y. 1995). In the absence of any disputed material fact, summary judgment is appropriate.

IV.   Argument: Summary Judgment Should Enter as a Matter of Law as to the Complaint

All of the Plaintiff's claims are subject to dismissal. Even under the standard for summary judgment set forth in Fed. R. Civ. P. 56, Defendants are entitled to judgment as a matter of law.

   A.   Plaintiff Has Failed to Exhaust His Administrative Remedies as to Certain of His Title VII Claims

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, prohibits discrimination against all federal employees "based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e -16(a). The applicable regulations set forth administrative procedures that must be exhausted prior to the filing of a Title VII complaint in federal court.

First, the plaintiff must "consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act." Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001) (*per curiam*) (citing 29 C.F.R. § 1614.105(a)(1)).  Second, the plaintiff must "file a formal written administrative complaint ("EEO complaint") within 15 days of receipt of the EEO counselor's notice of final interview and right to file a formal complaint." Id. (citing 29 C.F.R. § 1614.105(a)(1) and § 1614.106(a), (b)).  Finally, "[t]he employee may then file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision." Id. (citing 42 U.S.C. § 2000e- 16(c); 29 C.F.R. § 1614.408(a), (b)).

The foregoing time frames are mandatory and potentially preclusive of a cause of action in federal court.  "Prior to bringing suit under ... Title VII ... a federal government employee must timely 'exhaust the administrative remedies at his disposal,'" and "[f]ailure to do so can be asserted by the government as an affirmative defense." Belgrave, 254 F.3d at 386 (quoting Downey v. Runyon, 160 F.3d 139, 145 (2d Cir. 1998)); see also Pauling v. Secretary of the Interior, 160 F.3d 133, 133-34 (2d Cir. 1998) (same).

In his *pro se* complaint, the Plaintiff attaches several documents in support of his claims.  First, he includes a three-page document entitled "Cause of Action" which describes "Issue # 1" through "Issue # 4". See Plaintiff's District Court Complaint, Attachment 1.  Each issue is in turn comprised of several statements charging wrongdoing by the USDA.   It is undisputed that Plaintiff sought EEO counseling on April 26, 1999 in connection with his claims.  As noted above, 29 C.F.R. § 1614.105(a)(1) requires that the Plaintiff contact an EEO counselor within 45 days from the occurrence of the matters alleged to be discriminatory.

Therefore, to the extent that the Plaintiff now seeks to raise any issues outside of this 45-day period, such claims must be dismissed as time-barred.  These claims include the issue of whether Carl Battista was qualified to have been named as the Providence Circuit Supervisor in June of 1997; whether he was qualified to evaluate the Plaintiff and rate his performance thereafter; and whether the FSIS Boston District had been "mismanaged".  These are claims that Plaintiff made by administrative grievances in April and May of 1998.  See District Court Complaint, Issues # 1 - # 2; see also Exhibits 2, 3 and 4 to Defendant's Local Rule 56(a)1 Statement.   These allegations stem from events which occurred and which Plaintiff learned of far more than 45 days prior to April of 1999.   Accordingly, these claims are untimely and should be dismissed.

> B. Plaintiff's Election of the Grievance Process Forecloses his Title VII Complaint

The Federal Labor-Management Relations Act establishes that a federal employee may advance his discrimination claims in a union grievance or in a Title VII complaint, but not both. Upshur v. Dam, No. 00 Civ.2061(DC), 2003 WL 135819, *5 (S.D.N.Y. Jan. 17, 2003) (citing 5 U.S.C. § 7121(d) and Economou v. Caldera, 286 F.3d 144 (2d Cir. 2002)).  As provided by 29 C.F.R. § 1614.301(a):

> An election to proceed under a negotiated grievance procedure is indicated by the filing of a timely written grievance. An aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint on the same matter under this part 1614 irrespective of whether the agency has informed the individual of the need to elect or of whether the grievance has raised an issue of discrimination. Any such complaint filed after a grievance has been filed on the same matter shall be dismissed without prejudice to the complainant's right to proceed through the negotiated grievance procedure including the right to appeal to the Commission from a final decision as provided in subpart D of this part. The dismissal of such a complaint shall advise the complainant of the obligation to raise discrimination in the grievance process and of the right to appeal the final grievance decision to the Commission.

Where an employee has elected to pursue his claims through a negotiated grievance process, 29 C.F.R. § 1614.301(a) bars him from including it in a Title VII lawsuit as a basis for seeking recovery. Upshur, 2003 WL 135819 at *7.  Further, the initial filing

signifies the exclusive forum and indicates that the complainant has elected to pursue the non-EEO process. Moore v. Potter, 217 F. Supp.2d 364, 370 (E.D.N.Y. 2002) (citing 29 C.F.R. § 1614.107(a)(4) and § 1614.301).

In this case the Plaintiff clearly elected to pursue his remedies under a negotiated grievance process.  This election was marked by the filing of several grievances throughout 1998 and 1999.  First, on or about April 13, 1998, Plaintiff wrote two letters pursuant to the FSIS Administrative Grievance System, FSIS Directive 477.1.  Plaintiff challenged the qualification of Mr. Battista to supervise him and rate his performance, and challenged Mr. Battista's promotion to a GS-13 position as in violation of the FSIS Merit Promotion Plan, FSIS Directive 4335.  See Exhibits 2 and 3 to Defendant's Local Rule 56(a)1 Statement.  To the extent that Plaintiff raises these claims in this lawsuit, such inclusion is prohibited as Plaintiff has elected to grieve these claims.  See District Court Complaint, Issue ## 1 and 2.

In addition, on May 15, 1998, Plaintiff submitted a grievance to FSIS complaining that the FSIS Boston District had been mismanaged.  See Exhibit 4 to Defendant's Local Rule 56(a)1 Statement, at p. 1.  On February 24, 1999 Plaintiff renewed his grievances concerning the qualification of Mr. Battista to supervise him and rate his performance, and Mr. Battista's promotion to a GS-13 position.  On March 7, 1999 Plaintiff complained that government resources were being misused at the Boston District Office because of alleged inappropriateness in the allocation of personnel.  Finally, on May 4, 1999, Plaintiff filed an administrative grievance concerning a meeting which occurred on April 19, 1999 during which Plaintiff again charged a waste of government resources at the Boston District Office.  See Exhibits 7A - 7C to Defendant's Local Rule 56(a)1 Statement. This election precludes Plaintiff from including these claims under Title VII.  See District Court Complaint, Issues 2 - 4.

It is undisputed that the Plaintiff has grieved most of the claims raised in this action. Issue ## 1, 2, and 4 of his district court complaint challenge the qualifications of Mr. Battista to act as Circuit Supervisor and to supervise Plaintiff, and challenge the management of the Boston District Office of the FSIS. Plaintiff has simply recast these claims as Title VII claims for purposes of this suit. Indeed, the Plaintiff's grievances and the denial thereof formed the basis of his EEO Complaint and this civil action. See Exhibit 10 to Defendant's Local Rule 56(a)1 Statement, and attachments to the District Court Complaint.

For these reasons, the issues raised in the *pro se* complaint and styled as Issue # 1, Issue # 2 and Issue # 4 should be dismissed pursuant to 29 C.F.R. § 1614.301(a). Plaintiff's election of the administrative grievance process as to these issues precludes him from presenting these claims under Title VII.

C.      Plaintiff has Failed to Establish a Prima Facie Case of Discrimination

Even if the Court reaches the merits of the Plaintiff's claims under Title VII, the complaint must be dismissed because he cannot meet his prima facie burden of proving discrimination. Accordingly, summary judgment is appropriate in favor of the Defendant.

Plaintiff's claims of discrimination in violation of Title VII are governed by the analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981) and St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-08 (1993). Under this analysis, Plaintiff has the initial burden of proving a prima facie case of discrimination. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142, (2000); James v. New York Racing Ass'n, 233 F.3d 149, 153 (2d Cir. 2000); Peralta, 123 F.3d at 76. Plaintiff must show (1) that he was a member of a protected group; (2) that he was otherwise qualified for his position; (3) that he suffered an adverse employment action; and (4) that the

employment action gave rise to an inference of discrimination based on his protected status.  Id.

If the plaintiff can establish a prima facie case of discrimination, a presumption of unlawful discrimination is established, and the burden shifts to the employer to produce evidence of nondiscriminatory reasons for its actions. Id.  If the defendant articulates a nondiscriminatory reason for its actions, the presumption of unlawful discrimination disappears.  James at 154; Peralta at 76.  Plaintiff then has the opportunity to show by a preponderance of the evidence that proffered explanation is not true, but was a pretext for discrimination.  Id.  "A prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated."  Peralta at 76 (citing Reeves, 120 S. Ct. at 2109).   The employer is entitled to summary judgment, "unless the plaintiff can point to evidence which reasonably supports a finding of prohibited discrimination." James at 154 (citing St. Mary's, 509 U.S. at 510-11; Burdine, 450 U.S. at 255-56).

Plaintiff's Title VII claims must be dismissed because he has failed to establish a prima facie case of discrimination under that Act.  First, Plaintiff has failed to meet his burden that he suffered adverse employment actions in connection with his claims.  In order to meet his burden in this regard, Plaintiff must show that he suffered "a materially adverse change in the terms and conditions of employment." Torres v. Pisano, 116 F.3d 625, 640 (2d Cir. 1997) (quoting McKenney v. New York City Off-Track Betting Corp., 903 F. Supp. 619, 623 (S.D.N.Y.1995)).   As the Supreme Court pointed out, a plaintiff in a discrimination case must demonstrate a tangible employment action which "...constitutes a significant change in employment status..." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998).  "[A] bruised ego is not enough." Id. (citing Flaherty v. Gas Research Institute, 31 F.3d 451, 456 (7th Cir. 1994)).

Plaintiff presents four issues in his *pro se* complaint. The issues presented in Issue ## 1, 2, and 4 relate to the processing and denials of his administrative grievances. Issue # 3 states that on April 2, 1999 a manager requested him to ask during a meeting who was retiring in the near future. Plaintiff has failed to show that the foregoing actions were adverse employment actions under Title VII. While Plaintiff alleges that his position was "affected" by the denials of his grievances, he has not shown that he suffered any adverse action which resulted in a materially adverse change in the terms and conditions of his employment. Accordingly, Plaintiff has failed to meet his prima facie burden in this regard and the claims in the complaint are not actionable.

Second, Plaintiff has not offered any evidence to show that matters raised in the Complaint occurred under any circumstances which give rise to an inference of discrimination. Plaintiff has alleged that he was discriminated against on the basis of his race, color, gender, marital status and national origin. However, these conclusory allegations are insufficient to satisfy the Plaintiff's burden in this regard.

In support of his claims of discrimination, Plaintiff alleges the following:

- Ronald Hicks, the individual who denied his grievances, is a Black African-American Male. See Complaint, Issue # 1, Issue # 2.

- Dr. Spurling, who scheduled the April 19, 1999 meeting in New Hampshire, is a single White American Female. See Complaint, Issue # 2.

- Dr. Abdullah, the Deputy District Manager who had some involvement in Plaintiff's grievances and his request for documents, is an Asian American/Pacific Islander Male. See Complaint, Issue # 2.

- Jan Behney, Boston District Manager, asked Plaintiff in advance of the April 19, 1999 meeting to ask who would be retiring in the near future. See Complaint, Issue # 3.

- A Single White American Female who was a Circuit Supervisor covered two circuits while the Providence Rhode Island Circuit was not covered; Plaintiff as a White Male was not asked to provide coverage for his Circuit Supervisor during sick or annual leave. See Complaint, Issue # 4.

These unsupported allegations are insufficient to show that there was even an inference of discrimination.  Rather than presenting concrete evidence of discriminatory animus or differential treatment, Plaintiff has offered only bald assertions that his protected status played a role in the way that management treated him.  He has offered no evidence of discriminatory intent by any of his supervisors, no recounting of comments or statements concerning his protected status, and no evidence that his protected status played a role in any of the foregoing decisions.

In short, Plaintiff has failed to show that the challenged actions occurred under circumstances which in any way suggest discrimination. Thus, he has failed to meet his burden in this regard. [1]

V.     Conclusion

Based on the foregoing, the Defendant, Ann M. Veneman, Secretary of the United States Department of Agriculture, hereby respectfully requests that her motion for summary judgment be granted, and that judgment enter in her favor as to all counts of the Complaint.

                Respectfully submitted,

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY

                LAUREN M. NASH
                ASSISTANT U.S. ATTORNEY
                FED. BAR # ct01705
                P.O. BOX 1824
                NEW HAVEN, CT  06508
                (203) 821-3700

---

[1] Given that the Plaintiff has failed to articulate any adverse employment action in this case, it is submitted that the burden should not shift to Defendant to establish that the government's actions were legitimate.  Defendant can do no more now than defend the processing of the Plaintiff's grievances, which are clearly not employment actions.  Should the Plaintiff make any further offer of proof on this issue in his opposition papers, Defendant will seek permission from this Court to provide counter evidence to establish the legitimacy of the government's actions.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the within and foregoing Defendant's Memorandum in Support of Motion for Summary Judgment was served by facsimile and simultaneously mailed, postage prepaid, on this 15th day of December, 2003, to:

Leroy J. Holdmeyer, <u>pro</u> <u>se</u>
47 Deer Lane
Ivoryton, CT  06442
FAX #  (860) 767-1520

 

LAUREN M. NASH
ASSISTANT U.S. ATTORNEY