UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEROY J. HOLDMEYER, | : | |
| | : | |
| PLAINTIFF | : | CIVIL NO. 3:02CV1978 (PCD) |
| | : | |
| v. | : | |
| | : | |
| ANN M. VENEMAN, SECRETARY, | : | |
| DEPARTMENT OF AGRICULTURE, | : | |
| | : | |
| DEFENDANT. | : | DECEMBER 15, 2003 |

DEFENDANT'S LOCAL RULE 56(a)(1) STATEMENT

Pursuant to Rule 56(a)(1) of the Local Rules of Civil Procedure for the District of Connecticut, the Defendant, Ann M. Veneman, Secretary of the United States Department of Agriculture, through her undersigned counsel, hereby respectfully submits that the following material facts are not in dispute and do not present a genuine issue to be tried:

    1.    Plaintiff, Leroy J. Holdmeyer ("Plaintiff"), is a doctor of veterinary medicine who was employed by the Food Safety and Inspection Service (FSIS) of the U.S. Department of Agriculture (USDA) in Waltham, Massachusetts from June of 1990 until August of 2000.

    2.    During his employment with FSIS, Plaintiff held the position of Supervisory Veterinary Medical Officer GS-701-12.

    3.    In November of 1996, FSIS began an extensive reorganization of its field structure including the circuits within the jurisdiction of the Boston District, which encompassed the Providence, Rhode Island circuit.

4.     As a result of this reorganization, the FSIS determined that the incumbent supervisor, Carl Battista, would be promoted to the position of Circuit Supervisor for the Providence, Rhode Island Circuit.

5.     In June of 1997 Mr. Battista was promoted to the position graded GS-701/1382-13, which was an interdisciplinary position comprising the duties of Supervisory Veterinary Medical Officer and Supervisory Food Technologist.  See EEO Report of Counseling dated September 29, 1999, attached hereto as Exhibit 1, at p. 2.

6.     On or about April 13, 1998, Plaintiff wrote two letters pursuant to the FSIS Administrative Grievance System, FSIS Directive 477.1.  First, Plaintiff challenged the qualification of Mr. Battista to supervise him and rate his performance.  See Letter dated April 13, 1998, attached hereto as Exhibit 2, at p. 1.

7.     In addition, Plaintiff challenged Mr. Battista's promotion to a GS-13 position as in violation of the FSIS Merit Promotion Plan, FSIS Directive 4335.  See Letter dated April 13, 1998, attached hereto as Exhibit 3, at p. 1.

8.     Thereafter, on May 15, 1998, Plaintiff wrote to the FSIS complaining that the FSIS Boston District had been mismanaged.  See Letter dated May 15, 1998, attached hereto as Exhibit 4, at p. 1.

9.     On June 12, 1998, Plaintiff wrote to the FSIS confirming the foregoing three administrative grievances.  See Letter dated June 12, 1998, attached hereto as Exhibit 5.

10.     FSIS made a final decision on the formal grievance on November 5, 1998. See Decision of November 5, 1998, attached hereto as Exhibit 6.

11.     In February, March and May of 1999, Plaintiff submitted three additional administrative grievances.  On February 24, 1999 Plaintiff renewed his grievances concerning the qualification of Mr. Battista to supervise him and rate his performance, and Mr. Battista's promotion to a GS-13 position.   On March 7, 1999 Plaintiff complained that government resources were being misused at the Boston District Office because of alleged inappropriateness in the allocation of personnel.  On May 4, 1999, Plaintiff filed an administrative grievance concerning a meeting which occurred on April 19, 1999 during which Plaintiff charged a waste of government resources at the Boston District Office.  See Letters dated February 24, 1999, March 7, 1999 and May 4, 1999, attached hereto as Exhibit 7A and 7B and 7C, respectively.

12.     On April 26, 1999, Plaintiff first contacted an EEO counselor at FSIS, claiming discrimination on the bases of race, national origin, and marital status.  Plaintiff complained that he should have been promoted to the GS-13 position of Circuit Supervisor for the Providence, Rhode Island Circuit.  See Exhibit 1.

13.     According to the counselor's report, Plaintiff told the counselor that his district "lacked the American White Male representation" and that the district "is surrounded by (Hispanics) and (Asians)."  He complained that one of the circuit supervisors was a single White American female.  He also complained that Carl Battista was not qualified to hold the position of circuit supervisor.  He did not identify the marital status, race, or national origin of any other person.  See Exhibit 1, at pp. 1-2.

14.     The counselor noted that the Plaintiff had filed an administrative grievance in April of 1998, and advised him that "he has a right to elect between an [sic]

negotiated grievance procedure and the EEO complaint procedure, **but not both."** (Emphasis in original.)  See Exhibit 1, at p. 2.

15.    On August 6, 1999, a Notice of Right to File a Formal Complaint was forwarded to the Plaintiff.  See Letter dated August 6, 1999, attached hereto as Exhibit 8.

16.    On August 17, 1999, the FSIS wrote to the Plaintiff summarizing his grievance history and confirming that the three issues challenged by the Plaintiff in this process were (1) the noncompetitive promotion of Carl Battista; (2) having Mr. Battista supervise him and rate his performance; and (3) alleged mismanagement of the Boston District of the FSIS.  See Letter dated August 17, 1999, attached hereto as Exhibit 9. This letter also confirmed that these grievances had been denied on November 5, 1998; that Plaintiff appealed that denial; and that a decision on the appeal was pending. Id.

17.    On August 22, 1999 Plaintiff filed a formal EEO complaint. See Formal EEO Complaint dated August 29, 1999, attached hereto as Exhibit 10.   In this complaint Plaintiff alleges that he was discriminated against on the basis of his race (Caucasian), his color (White), his national origin (American), his sex (Male) and his marital status (Married).   He sought, among other things, to be appointed as the Providence, Rhode Island Circuit Supervisor.  Id.

18.    On September 21, 1999, Plaintiff advised the USDA Office of Human Resource Management, Appeals and Grievances Staff, that he had filed an EEO Complaint on August 22, 1999 on the same issues raised in his grievances.  He understood in light of this filing that the grievance review would not occur and that his

grievance file would be closed.  <u>See</u> Memorandum dated September 21, 1999, attached hereto as Exhibit 11.

19. On May 19, 2000, the USDA issued a decision on the Plaintiff's EEO Complaint.  The issue addressed in this decision was the Plaintiff's complaint that he was not selected for the position of Circuit Supervisor of the Providence Circuit.  <u>See</u> EEO Complaint Final Agency Decision dated May 19, 2000, attached hereto as Exhibit 12, at 1.

20. In this decision, the USDA dismissed the Plaintiff's EEO complaint on the grounds that since Plaintiff did not contact an EEO Counselor about the Circuit Supervisor position until April 26, 1999, his complaint should be dismissed for failure to contact an EEO counselor within 45 days of the allegedly discriminatory events as required by 29 C.F.R. § 1614.105(a)(1).  <u>Id.</u>

21. Plaintiff appealed this decision to the U.S. Equal Employment Opportunity Commission (EEOC).  The EEOC issued its decision on August 6, 2002.  In its decision, the EEOC agreed with the Plaintiff that his EEO complaint actually encompassed four issues rather than one.  The EEOC found that the EEO complaint raised four claims of discrimination as follows:

(1) In late March of 1999, Plaintiff was made aware that his grievances were initially sustained but later reversed by the deciding manager.  Plaintiff concluded that he was denied equal employment opportunity for the circuit supervisory position.

(2) During late March 1999 Plaintiff was informed that his grievances alleging a waste of agency resources, and promoting an unqualified person to the Providence Circuit supervisory position, were denied.

(3) On April 2, 1999 a manager requested him to ask during a meeting who was retiring in the future.

    (4)    The agency elected to schedule a female supervisor to provide coverage to a circuit position which became vacant on March 3, 1999, while he lacked meaningful assignments. Plaintiff alleged that this was a misuse of agency resources as alleged in his March 7, 1999 grievance.

See EEOC Decision dated August 6, 2002, attached hereto as Exhibit 13, at pp. 1-2.

    22.    The EEOC held that the complaint was properly dismissed, but on other grounds. As to Claims (1), (2), and (4), the EEOC found that these claims represent a collateral attack on the grievance process, which claims are outside the purview of the EEO process. Id. at pp. 2-3. As to Claim (3), the Commission found that the Plaintiff had failed to establish that he suffered any adverse action as a result of the incident in question. Id. at p. 3. The EEOC made no determination as to whether the complaint was properly dismissed for failure to contact an EEO Counselor in a timely manner. Id. at p. 2.

    Respectfully submitted,

    KEVIN J. O'CONNOR
    UNITED STATES ATTORNEY


    LAUREN M. NASH
    ASSISTANT U.S. ATTORNEY
    P.O. BOX 1824
    NEW HAVEN, CT  06508
    (203) 821-3700
    FEDERAL BAR # ct01705

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Defendant's Local Rule 56(a)1 Statement was served by facsimile and simultaneously mailed, postage prepaid, on this 15th day of December, 2003, to:

Leroy J. Holdmeyer, pro se
47 Deer Lane
Ivoryton, CT  06442
FAX #  (860) 767-1520

_____
LAUREN M. NASH
ASSISTANT U.S. ATTORNEY
