UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

Feb 11  2 55 PM '04

LEROY J. HOLDMEYER,

PLAINTIFF                                    CIVIL NO. 3:02CV1978 (PCD)

V.

ANN M. VENEMAN, SECRETARY,
DEPARTMENT OF AGRICULTURE,

DEFENDANT                                    JANUARY 4, 2004

### PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

Pursuant to Rule 56(a)(2) of the Local Rules of Civil Procedure for the District of Connecticut, the Plaintiff, Leroy J. Holdmeyer, Supervisory Veterinary Medical Officer of the USDA Food Safety and Inspection Service, hereby respectfully submits a statement of admitted or denial of each numbered material facts (1 through 22) presented by the Defendant.

1. Denial
2. Denial
3. Admitted
4. Denial
5. Denial
6. Denial
7. Denial
8. Admitted
9. Admitted
10. Denied
11. Denied
12. Denied
13. Denied
14. Denied
15. Admitted
16. Admitted
17. Denied
18. Denied
19. Denied

1

20. Denied
21. Denied
22. Denied

### DISPUTED ISSUES OF MATERIAL FACT PRESENTED BY DEFEDANT

1. Plaintiff, Leroy J. Holdmeyer (Plaintiff), is a Doctor of Veterinary Medicine who was employed by the Food Safety and Inspection Service (FSIS) of the U.S. Department of Agriculture (USDA) in Albany, NY, Boston, MA as well as Waltham, Massachusetts from June of 1990 until August of 2000.

2. During his employment with FSIS, Plaintiff held the position of Relief Supervisory Veterinary Medical Officer GS-701-12.

3. True statement

4. As a result of this reorganization, "the FSIS" (specifically Ron Hicks) determined that the "incumbent" supervisor, Carl Battista, would be promoted ..... The use of the word "incumbent" is inappropriate. The definition of incumbent is "one who holds an office or performs official duties". Carl Battista GS-12 (1863) lacked the education requirements for the upgraded position GS-13 (701/1382). See Confirmation of education requirements letter Exhibit 10. The Plaintiff GS-12 (701) performed supervisory official duties similar to Carl Battista as well as coordinate scientific veterinary aspects of AM/PM inspection. See performance elements exhibit 9. Plaintiff meets all education requirements for the upgraded supervisory position. See John Roderick's affidavit Exhibit A.

5. In June of 1997 Mr. Battista was not promoted to the position graded GS-701/1382-13 ....... See Confirmation of education requirements letter Exhibit 10.

6. The correct FSIS Administrative Grievance System Directive is 4771.1.

2

7. In addition, Plaintiff challenged Mr. Battista's promotion to a GS-13 position..... As previously stated on statement #5, Carl Battista was not promoted until he obtained the minimal required education for the position. See Confirmation of education requirements letter Exhibit 10.

8. True statement

9. True statement

10. "FSIS" (specifically Ron Hicks) made a final decision on the formal grievance on November 5, 1998. See John Roderick's affidavit Exhibit A.

11. .....On February 24, 1999 Plaintiff renewed his grievances concerning the qualification of Mr. Battista to supervise him and rate his performance, and Mr. Battista's promotion to a GS-13 position. This is a false statement. I did not renew any grievance. My annual performance evaluation time is due in March. The past two years, Carl Battista signed my performance appraisal as my supervisor. Two separate grievances were file based on each yearly appraisal. Mr. Battista did not have the minimal required education requirements for the supervisory position during the timeframe of the appraisals. See Confirmation of education requirements letter Exhibit 10 and performance appraisals Exhibit 9 & 23.

12. .....Plaintiff complained that he should have been promoted to the GS-13 position of Circuit for the Providence, RI circuit. This is a false statement. Plaintiff has never stated (verbally or written) as a complaint that he should have been promoted without going through the competitive selection process. The Plaintiff has stated that the selection of this new upgraded interdisciplinary GS-701/1382-

13 position should have gone through the competitive promotion procedures. (FSIS Merit Promotion Plan) <u>See</u> Exhibit 18 (Rebuttal letter of Ron Hicks decisions)

13. The counselor's report does not accurately reflect the documented issues of discrimination provided by the Plaintiff. These documents were sent to the counselor (Doretha Frierson) on 5/24/99. <u>See</u> Exhibit 44 (formal EEO documented discrimination issues) <u>See</u> Exhibit 39 (identified the date of mailing such documents) The fact that the counselor's report did not document the critical late March 1999 conversation the Plaintiff had with John Roderick is significant. John Roderick's affidavit identifies Doretha Frierson as the Civil Rights personnel people he had conversations with regarding the Plaintiffs' administrative grievances. <u>See</u> John Roderick's Affidavit Exhibit A Furthermore, in the counselor's report the following statement was made by Doretha Frierson. "The complainant filed an administrative grievance April 15, 1998. That grievance was reviewed and sustained." This acknowledgement supports the credibility of John Roderick's conversation with Civil Rights personnel as per Affidavit. The following statements made in the counselor's report are false. 1.) He expressed his wish to pursue an EEO complaint because he contends that throughout his district, positions at the GS-13 level lack the American White Male representation. He said there is no diversity. The District is surrounded by (Hispanic) and (Asians). The counselor's interpretation of plaintiff's written and verbal thoughts are false. <u>See</u> Exhibit 44 (formal EEO documented discrimination issues) & Exhibit 39 (statements regarding Plaintiff's

4

civil approach to diversity issues)  2.)  He (Carl Battista) did attain those additional five hours in 1997. This a false statement based on Exhibit 10 (Confirmation of education requirements dated 4/23/98)  3.) Dr. Beck indicated that the Complainant was not denied an opportunity to cover the Rhode Island District because there was no vacancy for the position. This is a false statement based on the fact that the Providence, RI circuit (not district) position was announced on two separate occasions. Carl Battista also retired in March 1999. See Exhibit 2 & 25 (Job announcements)

14. The counselor did note that the Plaintiff had filed an administrative grievance in April of 1998, and advised him that he has a right to elect between a negotiated grievance procedure and the EEO complaint procedure, but not both. Plaintiff agrees that counselor made the statement but the statement itself is false. The plaintiff is not covered under a negotiated grievance procedure agreement. See Exhibit C (FSIS Directive 4771.1 (revision 2) dated 2/18/98, the Administrative Grievance System, page 2 )

15. True statement

16. True statement

17. He sought, among other things, to be appointed as the Providence, RI circuit supervisor. This is a false statement. See response to # 12 above.

18. The meaning of the following portion of Defendant's statement is false and/or misleading regarding the term "same". (....he (Plaintiff) had filed an EEO Complaint on August 22, 1999 on the same issues raised in his grievances.) The information within the administrative grievances acts as circumstantial evidence

5

supporting the unlawful discriminating events that were documented within the 45 days of initiating an EEO complaint and therefore included in the EEO complaint. John Roderick's conversation with Plaintiff regarding his conversations with Civil Rights personnel discussions of direct knowledge of the review and sustaining of Plaintiff's grievances made Plaintiff extremely upset. Ron Hicks disregarded this review and sustaining of Plaintiff's grievances and tried to justify his decision (a non-competitive promotion of a supervisory food inspector who lacks education requirements) based on a canceled notice. The non-competitive promotion of Carl Battista who lacked education requirements for his position served as Plaintiff's supervisor. (1 3/4 years) Since discovering the Civil Rights personnel direct knowledge of the review and sustaining Plaintiffs grievances, Plaintiff now firmly believes that discrimination based on race and color played a role in Ron Hicks denial of his administrative grievances. This discovery also identifies Ron Hicks as the alter ego of the agency. Plaintiff was denied an equal employment opportunity as well as being subjected to an adverse employment action. (Plaintiff being supervised by a someone that lacked basic requirements for the supervisory position)

Timeframe of critical events

| | |
|---|---|
| 6/98 | Formal grievance filed by Plaintiff |
| 11/98 | Ron Hicks denied grievance |
| 2/99 | John Roderick has HACCP Technical training with Civil Rights personnel |

| | |
|---|---|
| 3/99 | Plaintiff discovers Civil Rights personnel reviewed & sustained grievance that Ron Hicks denied. (John Roderick's Affidavit) |
| 4/99 | Plaintiff initiates EEO complaint w/ counselor Doretha Frierson (Doretha Frierson was a member of the Civil Rights personnel that allowed Plaintiff's discovery as noted above) |
| 5/99 | Plaintiff sends counselor (Doretha Frierson) a letter documenting unlawful discrimination issues |
| 8/99 | Plaintiff initiates formal EEO complaint identifying the same unlawful discrimination issues previously sent to EEO counselor Doretha Frierson |
| 9/99 | Counselor's report did not state the Plaintiff's conversation with John Roderick which discovered discriminatory behavior. Ironically, the report did acknowledge that Plaintiff's administrative grievance was reviewed and sustained. |
| 5/00 | USDA incorrectly states Plaintiff's EEO complaint issues and renders a decision |
| 7/00 | Plaintiff files USDA final decision appeal |
| 8/02 | EEOC incorrectly renders a decision on Plaintiff's appeal based on an attack on negotiated grievance procedures. (Plaintiff is not covered by a negotiated agreement) |

19. The issue stated in the USDA decision regarding the Plaintiff's EEO complaint is not accurate based on what the Plaintiff submitted to the EEO counselor and the

7

formal EEO complaint process. Non-selection is not the issue. See Exhibit 48 (final decision appeal 7/22/00)

20. 29 C.F.R. 1614.105(a)(2) states that the agency or the commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the commission. The fact that the counselor's report did not document the critical late March 1999 conversation the Plaintiff had with John Roderick is quite significant. John Roderick's Affidavit identifies Doretha Frierson (Plaintiff's EEO counselor) as the Civil Rights personnel people that sustained Plaintiff's administrative grievances. Furthermore, the EEOC decision on Plaintiff's appeal (August 6, 2002) did not address this issue. The formal EEO complaint and the EEO appeal documented the discriminatory issues. (See Exhibit 44 & 48) Any rational factfinder would have concluded that a discriminatory matter occurred when John Roderick volunteered information to the Plaintiff in which the Civil Rights personnel themselves acknowledged a discriminatory decision.

21. The EEOC failed to accurately identify the discriminatory issues raised by the Plaintiff. (See Exhibit 44 & 48)

22. EEOC incorrectly renders a decision on Plaintiff's appeal based on an attack on the negotiated grievance procedures. Plaintiff is not covered by a negotiated agreement. (See Exhibit C)

Respectfully submitted,

*Leroy J. Holdmeyer*

Leroy J. Holdmeyer (Pro Se)
#47 Deer Lane
Ivoryton, CT 06442
(860) 767-7110

9